# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL S. YANGA, | |
| Petitioner, | **8:18CV99** |
| vs. | |
| STATE OF NEBRASKA, DIR. SCOTT FRAKES, and MADSEN, Warden; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the court on correspondence from Petitioner (filing no. 8) which the court construes as a motion for clarification. Petitioner notes the status of his two pending habeas corpus petitions at 4:18CV3009 and 8:18CV89,[1] but then expresses confusion about the present case saying, "The[re's] no case number: 8:18CV99 or otherwise did the court change the numbers to case [number] 4:18-CV-03009 [to] case: 8:18CV99 . . . getting confuse[d] with the number." (*Id.*)

On January 18, 2018, Petitioner filed a petition for a writ of habeas corpus challenging two separate state convictions and a motion to proceed in forma pauperis. The documents were assigned Case No. 4:18CV3009. The court granted Petitioner leave to proceed in forma pauperis and, on preliminary review, ordered Petitioner to file an amended petition attacking only one of the separate state convictions and to file a new petition in a separate federal case attacking the other separate state conviction. (Filing No. 9, Case No. 4:18CV3009.)

On February 26, 2018, Petitioner filed an amended petition in 4:18CV3009 and also filed a new habeas petition which was assigned Case No. 8:18CV89. Neither the amended petition in 4:18CV3009 nor the new petition in 8:18CV89

---

[1] The court takes judicial notice of its records in both 4:18CV3009 and 8:18CV89.

were signed. (*See* [Filing No. 10](), Case No. 4:18CV3009; [Filing No. 1](), Case No. 8:18CV89.) On March 1, 2018, Petitioner filed a second amended petition in 4:18CV3009 along with a letter explaining that he was correcting the deficient signature on the first amended petition. ([Filing No. 11](), Case No. 4:18CV3009.) Also on March 1, 2018, Petitioner filed a habeas petition nearly identical to the petition filed in 8:18CV89, but containing Petitioner's signature. The clerk's office understandably opened a new case as the petition did not indicate it was intended to be filed in 8:18CV89.[2] However, Petitioner's letter now makes clear that he intended to file an amended petition in 8:18CV89 to correct the signature deficiency on the original petition[3] and not to file a new habeas action.

Thus, Petitioner is correct that the only pending habeas petitions he should have are at Case No. 4:18CV3009 and Case No. 8:18CV89. The court will dismiss this case, 8:18CV99, without prejudice since it was not Petitioner's intent to file a third habeas action and it is duplicative of 8:18CV89. Accordingly,

IT IS ORDERED that:

1.   Petitioner's motion for clarification ([filing no. 8]()) is granted to the extent consistent with this order.

2.   This matter is dismissed without prejudice for the reason that it is duplicative of Case No. 8:18CV89.

---

[2] At the time Petitioner mailed the petition filed in this case on March 1, 2018, it can be assumed that he did not yet have notice that his habeas petition challenging his conviction in Lancaster District Court case number CR15-552 had been assigned Case No. 8:18CV89 due to the delay inherent in sending and receiving notice via mail.

[3] Since the filing of the March 1, 2018 petition in this case, Petitioner filed an amended habeas petition in 8:18CV89 on April 2, 2018, which is the operative pleading in that case. (*See* [Filing No. 4](), Case No. 8:18CV89.)

2

Dated this 2nd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge